UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AUDRY ALLEN, individually and on behalf of her minor child, DANDRE GREEN, as natural tutrix | CIVIL ACTION |
| VERSUS | NO: 11-2806 |
| OCCIDENTAL FIRE AND CASUALTY COMPANY OF NORTH CAROLINA, ET. AL | SECTION: R |

### ORDER AND REASONS

Before the Court is plaintiffs' motion to remand. Because this Court is without subject matter jurisdiction to adjudicate the action, plaintiffs' motion is granted.[1]

### I. BACKGROUND

This case arises out of an October 5, 2010 automobile accident allegedly caused when a tractor trailer owned by Logicorp Enterprises, LLC and operated by its employee, Abel Marquez, veered from its lane and struck a vehicle containing plaintiffs Audry Allen, her minor child Dandre Green, and

---

[1] Also pending is defendants Home State County Mutual Insurance Company's and Abel Marquez's motion to dismiss plaintiff Audry Allen's claims brought on behalf of minor child, Dandre Green. *See* R. Doc. 9. Because the Court remands plaintiffs' action to state court, it will not consider defendants' motion to dismiss plaintiffs' claim.

passengers Lola Allen, Larry McElveen, Jr., and Hewitt Marshall.[2]
On September 29, 2011, Audry Allen, individually and on behalf of
her minor child, sued Logicorp, Marquez, Occidental Fire and
Casualty Company of North Carolina (mistakenly identified as the
provider of Logicorp's liability policy), and Progressive
Security Insurance Company (provider of Audry Allen's
uninsured/under-insured policy).[3] On October 3, 2011, the three
remaining occupants of Allen's vehicle - Lola Allen, Larry
McElveen, Jr., and Hewitt Marshall - sued in a separate action,
naming as defendants Logicorp, Marquez, and Home State County
Mutual Insurance Company (actual provider of Logicorp's policy).[4]
Both actions were filed in Orleans Parish Civil District Court,
subsequently removed to federal court,[5] and consolidated into a
single proceeding.[6]

The *Audry Allen* plaintiffs now move for remand, contending
that incomplete diversity of the parties renders this Court

---

[2] R. Doc. 1-3 at 4; R. Doc. 18 at 3.

[3] R. Doc. 1-3 at 4-5.

[4] Case No. 11-2815, R. Doc. 1-1.

[5] Case No. 11-2815, R. Doc. 1; Case No. 11-2806, R. Doc. 1. Hereafter, when discussing the *Lola Allen* case, the Court will include the case number and record document number in the citation. When discussing the *Audry Allen* case, the Court will include only the record document number.

[6] R. Doc. 6.

without subject matter jurisdiction.[7] Indeed, plaintiffs Audry Allen and her minor daughter, and defendant Progressive Security, are Louisiana citizens for jurisdictional purposes.[8] Removing defendants Logicorp, Marquez, and Occidental are foreign citizens who defend their removal to federal Court by arguing that co-defendant Progressive was improperly joined - thus rendering its citizenship inconsequential in the Court's jurisdictional analysis.[9] They argue that since Logicorp insured its own liabilities up to $1 million, the Progressive policy would provide coverage only after that limit had been reached - a threshold they contend plaintiffs cannot meet.[10] They also contend that even if plaintiffs' joinder of Progressive was not improper, the Court now has supplemental jurisdiction following consolidation with the *Lola Allen* matter.[11]

---

[7] R. Doc. 13. Defendant Progressive Security Insurance Company supports plaintiffs' motion. *See* R. Doc. 15.

[8] R. Doc. 13-1 at 1.

[9] R. Doc. 1 at 7-9.

[10] *Id.*

[11] *See* R. Doc. 18 at 4-5. In *Lola Allen*, Progressive was not added as a party defendant, and the parties have not otherwise challenged the Court's jurisdiction in that case.

**II. REMAND BASED ON LACKING DIVERSITY JURISDICTION**

**A.    Improper Joinder Standard**

Allen's remand motion is governed by the standard for improper joinder, as set forth below.

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Neal v. Kawasaki Motors Corp.*, 1995 U.S. Dist. LEXIS 10227 (E.D. La. 1995). Though the Court must remand to state court if at any time before final judgment it appears that it lacks subject matter jurisdiction, the Court's jurisdiction is fixed as of the time of removal. 28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir. 1996).

For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity between plaintiffs and defendants. *See* 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373

(1978). Here, the parties do not dispute that the amount-in-controversy requirement is met, but they disagree about whether the complete diversity requirement is satisfied. Indeed, plaintiffs and Progressive have Louisiana citizenship, which would ordinarily destroy complete diversity. *See McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004). And when a nondiverse party is properly joined as a defendant, no defendant may remove the case under 28 U.S.C. § 1332. But a defendant *may* remove by showing that the nondiverse party was joined improperly. *Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003).

The burden of demonstrating improper joinder is a heavy one, as the doctrine is a narrow exception to the rule of complete diversity. *Smallwood*, 352 F.3d at 222. A defendant may establish improper joinder by showing either (1) actual fraud in pleading jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the nondiverse defendant. The standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.* In order to survive a 12(b)(6) motion to dismiss, the "[f]actual allegations [in plaintiffs' complaint] must be enough to raise a right to relief above the speculative level," which means that the plaintiff must plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The scope of the inquiry for improper joinder, however, is even broader than that for Rule 12(b)(6) because the Court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for his or her claim. *Smallwood*, 352 F.3d at 223 n.8 (citing *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003)). *See also Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). In conducting this inquiry, the Court must "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. So, too, must the Court resolve all ambiguities of state law in favor of the nonremoving party. *Id.*

**B.  Standard Governing Claims Against Uninsured/Under-Insured Motorist ("UM") Insurer**

Under Louisiana law, a solidary obligation exists between UM insurers and tortfeasors, arising "either when the tortfeasor is uninsured or when the tortfeasor's liability coverage is less than the amount of damages sustained by the tort victim." *Fertitta v. Allstate Ins. Co.*, 462 So. 2d 159, 162 (La. 1985). The obligation of the UM carrier is secondary to the obligation of the tortfeasor's liability insurer, *Edwards v. Dairyland Ins. Co.*, 560 So. 2d 95, 99 (La. App. 3d Cir. 1990), and a plaintiff must prove the alleged tortfeasor's lack of insurance to recover

6

against a UM insurer. *Keller v. Amedeo*, 512 So. 2d 385, 386 (La. 1987); *Clement v. Trinity Universal Ins. Co.*, 515 So. 2d 651, 651 (La. App. 3d Cir. 1987) ("The lack of insurance on the offending vehicle and its driver is a condition precedent to the applicability of the UM endorsement and a matter which the claimant must plead and prove in order to recover from the UM carrier.").

**C.  Discussion**

In this case, plaintiffs argue that the removing defendants have failed to satisfy their heavy burden of showing that Progressive was improperly joined to defeat diversity jurisdiction. Those defendants, meanwhile, contend that plaintiffs have failed to state a claim against Progressive because their petition does not allege that the Logicorp vehicle was either uninsured or under-insured. They rely on the Louisiana Supreme Court's ruling in *Keller v. Amedeo*, 512 So. 2d 385 (La. 1987), requiring that "the claimant [] plead and prove lack of insurance in order to recover in a UM case." *Id.* at 386. Other Courts in this district have noted that the Supreme Court in *Keller* did not specify the language plaintiffs must use to invoke UM coverage:

7

> [T]he Louisiana State Supreme Court did not detail the
> pleading requirement necessary to state a cause of action
> against a UM insurer.... The issue before the court in
> *Keller* was whether any additional liability insurance
> covering an alleged under-insured motorist is an affirmative
> defense that the UM must plead in its answer.

*Bingham v. Wilson*, 2008 U.S. Dist. LEXIS 81272, at *9-10 n. 13 (E.D. La. 2008). Here, plaintiffs described the nature of the coverage that Audry Allen obtained from Progressive (uninsured/under-insured motorist coverage), and they alleged that it applied to their loss (which resulted from a motor vehicle accident). In the same petition, plaintiffs also sued the alleged tortfeasor for damages resulting from that motor vehicle accident. That the tortfeasor was uninsured or under-insured as to plaintiffs' loss is a plausible inference from plaintiffs' allegations. The removing defendants have not offered, nor has this Court located, any cases suggesting that this language is legally deficient. *See id.* at *9-10 (finding no deficiency in plaintiff's petition, and no improper joinder of UM carrier, when the petition alleged that the defendant's UM policy "provided coverage for the type of loss sued upon herein"). Hence, plaintiffs have adequately pleaded coverage under Allen's policy with Progressive.

In this case, plaintiffs may recover against Progressive if either (1) coverage under Logicorp's liability policy is not established, or (2) the damages exceed the $ 1,000,000 limits of

that policy. It is plausible that Logicorp is under-insured for plaintiffs' claims because even if Logicorp's liability policy were to apply, plaintiffs' damages may well exhaust the coverage provided by that policy. Audry Allen's MRI report indicates a disc herniation and disc bulge in her cervical spine.[12] She has visited a neurosurgeon, received conservative care for several months, continues to experience neck pain, and intends to pursue more aggressive options after she gives birth.[13] She alleges damages including past and future pain and suffering (both physical and psychological), medical expenses, loss of earnings and future earning capacity, permanent physical disability, and loss of enjoyment of life.[14] And she has provided the Court with several cases upholding damages awards in excess of $1,000,000 for injuries ostensibly similar to those she claims to have suffered here.[15] Furthermore, because Logicorp's liability policy provides an aggregate limit of $1 million *per accident,* the Court

---

[12]    R. Doc. 13-2 at 3-4.

[13]    R. Doc. 13-1 at 5-6.

[14]    R. Doc. 1-3 at 3-4.

[15]    *See* R. Doc. 13-1 at 6, citing the following cases: *Cross v. Louisiana Coca-Cola Bottling Co, Ltd.*, 899 So. 2d 621 (La. App. 4th Cir. 2005) (affirming damages award of $1,060,000); *Parquette v. Certified Coating of California*, *Inc.*, 966 So. 2d 91 (La. App. 4th Cir. 2007) (affirming damages award of $1,184,000); *Harvey v. Cole*, 808 So. 2d 771 (La. App. 4th Cir. 2002) (affirming damages award of $2,075,858 to one of the plaintiffs).

9

must also consider the damages suffered by the *Lola Allen* plaintiffs when determining the likelihood of exhaustion. In that case, plaintiff Lola Allen alleges neck and back injuries including a lumbar disc herniation and a disc protrusion;[16] plaintiff Hewitt Marshall alleges serious neck and back injuries of his own;[17] and plaintiff Larry McElveen alleges knee injuries, including a meniscus tear.[18] Taken together, it is certainly plausible that the plaintiffs' combined damages exceed the $1 million aggregate limit in Logicorp's liability policy.

Resolving all issues of fact in favor of plaintiffs, the Court finds that the removing defendants have failed to carry their burden of demonstrating plaintiffs' inability to establish a cause of action against the nondiverse defendant. Progressive's Louisiana citizenship is therefore relevant in the Court's determination of its jurisdiction. And without a showing of complete diversity of citizenship between plaintiffs and defendants, this Court lacks subject matter jurisdiction in this case.[19]

---

[16] Case No. 11-2815, R. Doc. 1 at 5-6.

[17] *Id.* at 6-8.

[18] *Id.* at 8.

[19] Although defendants, in their removal document, focus on what they allege to be the improper joinder of Progressive, their argument in opposition to plaintiffs' motion instead concerns the rule that citizenship of "nominal" parties may be disregarded for the purposes of establishing diversity

**III. REMAND BASED ON LACKING SUPPLEMENTAL JURISDICTION**

The removing defendants also contend, improper joinder inquiry aside, that this Court has supplemental jurisdiction over the *Audry Allen* lawsuit by virtue of its uncontested jurisdiction in the consolidated *Lola Allen* case. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). Critically, however, while supplemental jurisdiction applies to claims asserted in the same action, it does not apply to claims asserted in separate actions consolidated under Federal Rule of Civil Procedure 42. Indeed, the Supreme Court and the Fifth Circuit "have stressed frequently the importance of not intermingling consolidated

---

jurisdiction. *See Wolff v. Wolff*, 768 F.2d 642, 646 (5th Cir. 1985). Importantly, in this context, "the analysis for whether a party is nominal is the same analysis for whether a party is improperly joined." *Veritas Consulting Group, Inc. v. Gasbuddy Org., Inc.*, 2010 U.S. Dist. LEXIS 62988, *6-7 n. 2 (S.D. Tex. 2010). *See also Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006) ("In the paradigmatic fraudulent joinder case, a plaintiff sues a nominal nondiverse/in-state defendant along with a diverse foreign defendant in an effort to make sure that its claims against the diverse defendant stay in state court."). The Court's improper joinder analysis therefore suffices to address all of the removing defendants' theories.

claims[.]" *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 394 (5th Cir. 2004) (citing *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933) ("Consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties."); *McKenzie v. United States*, 678 F.2d 571, 574 (5th Cir. 1982) ("Consolidation does not cause one civil action to emerge from two."). "This strict segregation of merged cases is necessary to prevent consolidation from depriving a party of any substantial rights that he may have had if the actions had proceeded separately." *Shafer*, 376 F.3d 394 (internal quotation marks omitted).

It follows, therefore, that the Court does not attain supplemental jurisdiction in the *Audry Allen* action simply by virtue of its consolidation with the *Lola Allen* action. *See McKenzie*, 678 F.2d at 574 (finding that consolidation of two actions did not give the district court subject matter jurisdiction to adjudicate the action over which it did not have original jurisdiction); *United States, for the use of Owens-Corning Fiberglass Corp. v. Brandt Constr. Co.*, 826 F.2d 643, 647 (7th Cir. 1987) (finding that district court did not acquire ancillary jurisdiction over improperly removed case by consolidating it with related and properly filed case). *Cf. Appalachian Power Co. v. Region Properties, Inc.*, 364 F. Supp.

1273, 1277 (W.D. Va. 1973) ("[I]f plaintiff's action ... is not proper for removal it is not 'pending before the court,' and this court has no authority to consolidate an action of which it has jurisdiction with one of which it does not."). Defendants' argument that the Court has supplemental jurisdiction merely because Audry Allen's claims do not fall within the exceptions listed in 28 U.S.C. § 1367(b) rests on an incomplete analysis of the rule.

As there is neither diversity nor supplemental jurisdiction over the *Audry Allen* action, it is ordered remanded to Orleans Parish Civil District Court.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' motion is granted, and this action shall be remanded to Orleans Parish Civil District Court.

New Orleans, Louisiana, this 3rd day of April, 2012.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE